**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10072 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00257-CRB-1 |
| v. | |
| IVAN ROLDAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted March 25, 2020[**]
San Francisco, California

Before: GOULD, CHRISTEN, and BRESS, Circuit Judges.

Defendant-Appellant Ivan Roldan was convicted of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced to 60

months in prison. Roldan appeals his sentence, specifically the four-level

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

enhancement he received pursuant to United States Sentencing Guideline § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm. Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

The district court did not err by applying the four-level enhancement for possessing a firearm in connection with another felony offense. In cases involving "a drug trafficking offense in which a firearm is found in close proximity to drugs," the four-level enhancement is warranted "because the presence of the firearm has the potential of facilitating another felony offense." *United States v. Chadwell*, 798 F.3d 910, 916 (9th Cir. 2015) (quoting U.S.S.G. § 2K2.1 cmt. n. 14(B)). The sentencing transcript indicates that the district court found that Roldan was involved in a drug deal and possessed the firearm in connection with that offense. Officers observed Roldan and Alexis Meneses loitering, late at night, in an area known for drug trafficking. Both men possessed large quantities of drugs and cash, and Roldan had a prior conviction for possessing drugs with intent to sell, for which he was on probation when he was arrested for the instant offense. Roldan had the loaded firearm in his pants pocket, where it was easily and immediately accessible. A preponderance of the evidence supports the four-level

enhancement and the court did not abuse its discretion by applying it. *See Chadwell*, 798 F.3d at 917.

**AFFIRMED.**